UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NINA TOKHTAMAN, individually and on behalf of
all others persons similarly situated,

                              Plaintiff,

              -against-

HUMAN CARE, LLC,

                            Defendant.

Civil Action No. 18-5907

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1331, 1441 and 1446, Defendant Human Care, LLC ("Defendant"), hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York, where the action is now pending, and states:

**I.    RELEVANT PROCEDURAL HISTORY**

1.    On or around February 16, 2016, a Complaint entitled Nina Tokhtaman v. Human Care, LLC et al., was filed in the Supreme Court of the State of New York, New York County, where it was assigned Index No. 151268/2016 (the "Complaint").  A copy of the Complaint is annexed hereto at Exhibit "A".

2.    The Complaint named as Defendants Human Care, LLC, County Agency, Inc., and Hershal Weber.  Id.

3.    Defendant filed an Answer to the Complaint on or around September 21, 2016.

4.    The Complaint did not specifically allege any claims under federal law.  Id.

5.      On or around February 20, 2018, the Supreme Court of the State of New York, New York County, issued an Order granting a motion to dismiss filed by defendants County Agency, Inc. and Hershal Weber.  A copy of the Order is annexed hereto as Exhibit "B."

6.      On or around March 6, 2018, Plaintiffs Nina Tokhtaman and Saodat Ullieva filed a First Amended Complaint, entitled Nina Tokhtaman and Saodat Ullieva v. Human Care, LLC, et al.  A copy of the First Amended Complaint is annexed hereto as Exhibit "C."

7.      The First Amended Complaint did not specifically allege any claims under federal law.

8.      Plaintiffs inadvertently named County Agency, Inc. and Hershal Weber in the First Amended Complaint despite their dismissal.  Id.  A stipulation dismissing Defendants County Agency, Inc. and Hershal Weber from the action, without prejudice, was filed on May 31, 2018.  A copy of the stipulation dismissing Defendants County Agency, Inc. and Hershal Weber from the action is annexed hereto as Exhibit "D."

9.      On or around March 20, 2018, Defendant filed an Answer to the First Amended Complaint.  A copy of the Answer to the First Amended Complaint is annexed hereto as Exhibit "E."

10.      On or around June 21, 2018, the parties stipulated to allow Plaintiff Tokhtaman to file a Second Amended Complaint on or before July 5, 2018, which removes Plaintiff Saodat Ullieva as a named plaintiff from the action.  A copy of the stipulation is annexed hereto as Exhibit "F."

**II.   DEFENDANT HUMAN CARE, LLC FILES A MOTION TO STAY THE ACTION AND PLAINTIFF'S OPPOSITION REQUIRES REMOVAL OF THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

11.   On May 22, 2018, Defendant filed a motion to stay the action pending a decision by the New York State Court of Appeals in the matters of Andryeyeva v. New York Health Care, Inc. and Moreno v. Future Care Health Servs., Inc., which were certified to the New York Court of Appeals by the New York State Supreme Court, Appellate Division, Second Department.  A copy of Defendant Human Care, LLC motion to stay the action is annexed hereto as Exhibit "G."

12.   On June 12, 2018, Plaintiff filed opposition to Defendant Human Care, LLC's motion to stay the action.  See Affirmation of LaDonna Lusher, dated June 12, 2018, annexed hereto as Exhibit "H;" Plaintiffs' Memorandum of Law in Opposition to Defendants' (sic) Motion to Stay, dated June 12, 2018, annexed hereto as Exhibit "I."

13.   In opposition to Defendant's motion to stay the action, Plaintiff argued, for the first time, that Defendant was liable for alleged overtime violations for the period January 1, 2015 to present because Plaintiff Tokhtaman was paid an overtime rate of $13.13 (time and one-half the basic minimum wage rate), as opposed to an overtime rate of $17.25 (time and one-half the regular rate of pay) as required by federal regulation.  See Exhibit I, at 6-7; see also 29 C.F.R. § 552.109(a).

14.   Plaintiff contends she is entitled to the higher overtime rate because the Fair Labor Standards Act's companionship exemption, which she claims is incorporated into the New York Labor Law, was repealed by federal regulation, effective January 1, 2015.  See Exhibit I, at 6-7; 29 C.F.R. § 552.109(a).

15.   Thus, Plaintiff contends that Defendant Human Care, LLC was required to pay an overtime rate of $17.25 beginning on January 1, 2015, because the companionship exemption

under the Fair Labor Standards Act no longer was incorporated into the New York Labor by virtue of its repeal by federal regulation.  See Exhibit I, at 6-7; 29 C.F.R. § 552.109(a).

16.    This Notice of Removal is being filed within thirty (30) days from the date Defendant Human Care, LLC received service of Plaintiff's opposition to Defendant Human Care, LLC's motion to stay the action and is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

17.    Venue is proper under 28 U.S.C. § 112(c) and 1441(a) because the United States District Court for the Southern District of New York is the federal district embracing the Supreme Court of the State of New York, County of New York, where the action is currently pending.

18.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over this action because it is a "civil action[] arising under the Constitution, laws or treaties of the United States."

19.    Plaintiff's right to relief under the New York Labor Law depends necessarily on a substantial question of federal law.  See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986).

20.    Specifically, while Plaintiff contends that the repeal of the companionship exemption became effective January 1, 2015, she fails to acknowledge that the United States District Court for the District of Columbia invalidated the federal regulation (29 C.F.R. § 552.109(a)) repealing the companionship exemption by Order, dated December 22, 2014.  See Home Care Ass'n of Am. v. Weil, 76 F. Supp. 3d 138 (D.D.C. 2014).  Accordingly, the federal regulation did not go into effect on January 1, 2015.

21.    The District Court's Order invalidating the federal regulation repealing the companionship exemption was appealed to the D.C. Circuit Court of Appeals.  See Home Care Ass'n of Am v. Weil, 799 F.3d 1084 (D.C. Cir. 2015).

-4-

22.     On August 21, 2015, the D.C. Circuit Court of Appeals reversed the District Court for the District of Columbia's Order invalidating the regulation.  Id.

23.     The D.C. Circuit Court of Appeals issued its mandate on October 13, 2015.

24.     United States District Courts across the United States have come to differing conclusions on the effective date of the federal regulation (29 C.F.R. § 552.109(a)) repealing the companionship exemption.

25.     Indeed, there is debate about whether the federal regulation repealing the companionship exemption took effect on January 1, 2015, as originally planned, or on October 13, 2015, when the Court of Appeals for the D.C. Circuit vacated the Order of the District Court for the District of Columbia invalidating the federal regulation.  Compare e.g., Lee v. Caregivers for Indep., LLC, No. 1:16cv946, 2017 U.S. Dist. LEXIS 95322 (S.D. Ohio June 21, 2017) (effective date of repeal of companionship exemption is October 13, 2015); Sanchez v. Caregivers Staffing Servs., Inc., No. 1:15-cv-01579, 2017 U.S. Dist. LEXIS 11259 (E.D. Va. Jan. 26, 2017) (same); Alves v. Affiliated Home Care of Putnam, Inc., No. 16-CV-1593, 2017 U.S. Dist. LEXIS 17893 (S.D.N.Y. February 8, 2017) (same), with Guerrero v. Moral Home Servs., 247 F. Supp. 3d 1288 (S.D. Fl. 2017) (effective date of repeal of companionship exemption is January 1, 2015); Hypolite v. Health Care Servs. of New York, 256 F. Supp. 3d 485 (S.D.N.Y. 2017) (same).

26.     Thus, the vindication of Plaintiff's New York Labor Law claims for overtime wages necessarily turns on a question of federal law, namely the effective date of the federal regulation repealing the companionship exemption.  See Merrell Dow Pharmaceuticals, Inc., 478 U.S. 804.

27.     Pursuant to 28 U.S.C. § 1446, Defendant has filed this Notice with the Court, is serving a copy of this Notice upon counsel for Plaintiff, and is filing a copy of this Notice in the Supreme Court of the State of New York, County of New York.

28.     Defendant Human Care, LLC files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant respectfully requests that this action proceed in the District Court for the Southern District of New York as an action properly removed to it.

Date:   June 29, 2018
        Melville, New York

/s/ *Daniel Gomez-Sanchez*
Lisa M. Griffith
Daniel Gomez-Sanchez
LITTLER MENDELSON, P.C.
290 Broadhollow Road
Suite 305
Melville, NY  11747
631.247.4700

Attorneys for Defendant Human Care, LLC

Firmwide:155568171.2 092124.1003

-6-