UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NINA TOKHTAMAN, individually and on behalf of
all others persons similarly situated,

                     Plaintiff,

       -against-

HUMAN CARE, LLC,

                     Defendant.

Civil Action No. 18-5907

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Lisa M. Griffith
Daniel Gomez-Sanchez
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
lgriffith@littler.com
dsgomez@littler.com

*ATTORNEYS FOR HUMAN CARE, LLC*

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

RELEVANT PROCEDURAL HISTORY ........................................................................... 3

ARGUMENT ....................................................................................................................... 4

I.     PLAINTIFF'S NEW YORK LABOR LAW CLAIM FOR ALLEGED UNPAID
       OVERTIME REQUIRES THIS COURT TO ANSWER WHETHER THE FINAL
       RULE TOOK EFFECT JANUARY 1, 2015 OR OCTOBER 13, 2015, WHICH
       CONSTITUTES A SUBSTANTIAL QUESTION OF FEDERAL LAW ...................... 4

       A.     The Relevant Legal Background Concerning The Repeal Of The
              Companionship Exemption Raises A Disputed Federal Question ...................... 4

       B.     Plaintiff's New York Labor Law Claims Raises A Substantial Federal
              Issue Concerning The Effective Date Of The Amendments To 29 C.F.R.
              Section 552.109........................................................................................... 6

       C.     The Court's Assertion Of Subject Matter Jurisdiction Over This Action
              Would Not Disturb Any Congressionally Approved Balance of Federal
              And State Judicial Responsibilities........................................................... 10

II.    DEFENDANT'S NOTICE OF REMOVAL WAS TIMELY BECAUSE NONE
       OF THE COMPLAINTS FILED BY PLAINTIFF PROVIDED ANY
       INDICATION THAT SHE WOULD SEEK TO RELY ON THE FAIR LABOR
       STANDARDS ACT TO PROVE HER DAMAGES ................................................... 10

III.   PLAINTIFF'S OPPOSITION PAPERS CONSTITUTE "OTHER PAPER"
       FROM WHICH FEDERAL QUESTION JURISDICTION IS CONFERRED
       PURSUANT TO 28 U.S.C. SECTION 1446(B)(3) ...................................................... 12

IV.    EVEN IF DEFENDANT IS UNSUCCESSFUL IN DEFEATING PLAINTIFF'S
       MOTION TO REMAND, PLAINTIFF IS NOT ENTITLED TO SANCTIONS........... 13

CONCLUSION....................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

Alves v. Affiliated Home Care of Putnam, Inc.,
    No. 16-CV-1593, 2017 U.S. Dist. LEXIS 17893 (S.D.N.Y. February 8, 2017) ..................6, 8

Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,
    545 U.S. 308 (2005)..................................................................................................... *passim*

Guerrero v. Moral Home Servs.,
    247 F. Supp. 3d 1288 (S.D. Fl. 2017) ...................................................................................6, 8

Gunn v. Minton,
    568 U.S. 251 (2013)......................................................................................................................7

Hicks v. Isabella Visiting Care, Inc.,
    Docket No. 18 CV 6603 (S.D.N.Y. Aug. 23, 2018 ECF Doc. No. 19) .....................2, 7, 9, 11

Home Care Ass'n of Am. v. Weil,
    76 F. Supp. 3d 138 (D.D.C. 2014), rev'd Home Care Ass'n of Am v. Weil,
    799 F.3d 1084 (D.C. Cir. 2015), cert. denied 136 S. Ct. 2506 (2016).......................................5

Hypolite v. Health Care Servs. of New York,
    256 F. Supp. 3d 485 (S.D.N.Y. 2017).....................................................................................6, 8

Kuebel v. Black & Decker Inc.,
    643 F.3d 352 (2d Cir. 2011).....................................................................................................7, 9

Lee v. Caregivers for Indep., LLC,
    No. 1:16cv946, 2017 U.S. Dist. LEXIS 95322 (S.D. Ohio June 21, 2017).............................6, 8

Lopez v. El Mirador,
    No. CV 16-01257, 2018 U.S. Dist. LEXIS 12747 (D.N.M. Jan. 26, 2018) .............................8

In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,
    Master File No. 1:00-1898, MDL 1358, 2006 U.S. Dist. LEXIS 20575
    (S.D.N.Y. April 17, 2006)..........................................................................................................14

NASDAQ OMX Group, Inc. v. UBS, Sec., LLC,
    770 F.3d 1010 (2d Cir. 2014).....................................................................................................10

Sanchez v. Caregivers Staffing Servs., Inc.,
    No. 1:15-cv-01579, 2017 U.S. Dist. LEXIS 11259 (E.D. Va. Jan. 26, 2017).......................6, 8

Stemmle v. Interlake S.S. Co.,
    198 F. Supp. 3d 149 (E.D.N.Y. 2016) .................................................................................12, 13

Sullivan v. Am. Airlines, Inc.,
    424 F.3d 267 (2d Cir. 2005)............................................................................7

Whitaker v. Am. Telecasting, Inc.,
    261 F.3d 196 (2d Cir. 2001)..........................................................................11

Yarnevic v. Brink's, Inc.,
    102 F.3d 753 (4th Cir. 1996) ........................................................................13

**Statutes**

28 U.S.C. §§1331, 1441 and 1446....................................................................1

28 U.S.C. § 1446(b)(3) ...................................................................................12

**Rules, Regulations, and Treatises**

29 C.F.R. § 552.109....................................................................................1, 5, 6

80 FR 55029 (Sept. 14, 2015) ......................................................................5, 8

80 FR 65646 (Oct. 27, 2015) ........................................................................5, 8

12 N.Y.C.R.R. § 142-2.2 ......................................................................5, 11, 12

14C Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure §
    3731 (4th ed.)................................................................................................13

## PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. §§1331, 1441 and 1446, Defendant Human Care, LLC, a home health care agency providing the services of home health aides to sick and elderly individuals, ("Defendant"), removed the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York. ***For the first time in this litigation***, Plaintiff's memorandum of law in opposition to Defendant's motion to stay the action in state court raised a disputed and substantial federal question concerning whether the Final Rule promulgated by the United States Department of Labor amending 29 C.F.R. Section 552.109(a), which governed the overtime rate payable to home health aides and repealed the companionship exemption for third party providers, became effective January 1, 2015 or October 13, 2015.  Plaintiff claims that the amendment to Section 552.109 was incorporated into the New York Labor Law.   Therefore, the disputed and substantial federal issue of the effective date of the Final Rule confers this Court with subject matter jurisdiction.

Plaintiff did not reference in any manner whatsoever in her Complaint that her overtime claim was based on an interpretation of federal law.   Rather, Plaintiff asserted a nebulous overtime claim which when read in the Complaint as a whole, simply seemed to assert she was not paid overtime for all hours worked over 40 in a workweek.   She did not assert that the overtime rate of pay was incorrect based on an interpretation of the federal law.   Plaintiff asserted that claim for the first time in her memorandum of law in opposition to Defendant's motion to stay.

Plaintiff now seeks to remand this action back to state court.   However, as explained below in further detail, the bases for Plaintiff's motion are not persuasive.   To be sure, Defendant

removed this action in accordance with a framework established by the Supreme Court of the United States for the removal of state law claims that necessarily raise substantial and disputed issues of federal law. Plaintiff does not appreciate the significance of this precedent, and fails to properly analyze the law in this regard. Plaintiff will undoubtedly rely upon a recent two-page Order remanding a similar action to state court (<u>Hicks v. Isabella Visiting Care, Inc.</u>, Docket No. 18 CV 6603 (S.D.N.Y. Aug. 23, 2018 ECF Doc. No. 19)) to support her weak analysis. However, that result-oriented Order failed to cite or distinguish the framework established by the Supreme Court of the United States, and contained no relevant analysis. Even the court's determination that the removal to federal court was untimely lacked any substantive analysis.

Courts across the United States have come to differing conclusions on the effective date of the Final Rule, creating a necessary dispute. A decision by a Circuit Court or the United States Supreme Court on the effective date of the Final Rule will have a broad impact across the home health care industry, and on the numerous cases pending across the United States that have raised this issue. Defendant is unaware of any decision by a Circuit Court on the effective date of the Final Rule.

Plaintiff's further contention that Defendant failed to timely remove this action, and that removal cannot be based on statements made in memoranda of law, demonstrates an ignorance of the allegations specifically made by Plaintiff, and a failure to understand the statutory and legal framework governing removal. Defendant timely removed this action upon ascertaining its removability by reference to statements made by Plaintiff, ***for the first time***, in her memorandum of law.

Therefore, for the reasons stated below, the Court should deny Plaintiff's motion to remand.

2

## RELEVANT PROCEDURAL HISTORY

On May 22, 2018, while this action was pending in the Supreme Court of the State of New York, County of New York, Defendant filed a motion to stay the action pending a decision by the New York State Court of Appeals in the matters of <u>Andryeyeva v. New York Health Care, Inc.</u> and <u>Moreno v. Future Care Health Servs., Inc.</u>, which were certified to the New York Court of Appeals by the New York State Supreme Court, Appellate Division, Second Department.

On June 12, 2018, Plaintiff filed opposition ("Opposition Papers") to Defendant's motion to stay the action.  <u>See</u> Exhibit I, annexed to Defendant's Notice of Removal, at 6-7 (ECF Doc. No. 4).  In her Opposition Papers, Plaintiff argued, ***for the first time***, that Defendant was liable for alleged overtime violations for the period January 1, 2015 to present because Plaintiff was paid an overtime rate of $13.13 (time and one-half the basic minimum wage rate), as opposed to an overtime rate of $17.25 (time and one-half the regular rate of pay) (the difference hereinafter referred to as "Gap Wages") as required by federal law.  Plaintiff specifically contends she is entitled to the higher overtime rate because the Fair Labor Standards Act's companionship exemption, which she claims is incorporated into the New York Labor Law, was repealed by federal regulation, effective January 1, 2015.  Plaintiff's assertion concedes that she was subject to the companionship exemption.  Plaintiff, therefore, claims entitlement to damages for Defendant's alleged failure to pay an overtime rate of $17.25 beginning on January 1, 2015 after the companionship exemption was repealed and no longer incorporated into the New York Labor Law.

Defendant timely removed this action to federal court on July 2, 2018, which was within 30 days of receiving Plaintiff's Opposition Papers.

## ARGUMENT

I.  **PLAINTIFF'S NEW YORK LABOR LAW CLAIM FOR ALLEGED UNPAID OVERTIME REQUIRES THIS COURT TO ANSWER WHETHER THE FINAL RULE TOOK EFFECT JANUARY 1, 2015 OR OCTOBER 13, 2015, WHICH CONSTITUTES A SUBSTANTIAL QUESTION OF FEDERAL LAW**

It is well established that a federal court may exercise jurisdiction over a state law claim where that claim raises a (a) disputed and substantial federal question (b) that the federal court may "entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  The recent revelation that Plaintiff seeks to recover damages for the alleged failure to pay Gap Wages as of January 1, 2015 (disguised as a claim under the New York Labor Law) in accordance with repeal of the companionship exemption raises a substantial federal question conferring this Court with subject matter jurisdiction.

Indeed, inherent in Plaintiff's overtime claim is a requirement that she prove entitlement to overtime wages at a rate of one and one-half times the regular rate of pay in accordance with federal law as of January 1, 2015, rather than as of October 13, 2015, the date the D.C. Circuit Court of Appeals issued a mandate (discussed below).  For the reasons stated below, Plaintiff's New York Labor Law claim alleging overtime violations raises a substantial federal question conferring subject matter jurisdiction upon this Court.

### A.  The Relevant Legal Background Concerning The Repeal Of The Companionship Exemption Raises A Disputed Federal Question

Defendant is a third party home health care agency that provides the services of home health aides to sick and elderly individuals.  Prior to October 13, 2015, in accordance with the Fair Labor Standards Act and its implementing regulations, and the New York Labor Law and its implementing regulations, third party home health care agencies could pay their home health aides overtime wages at a rate of one and one-half times the applicable **minimum wage** (the

4

"companionship exemption").  See 29 C.F.R. § 552.109(a) (2014); 12 N.Y.C.R.R. § 142-2.2.

On October 1, 2013, the United States Department of Labor published a Final Rule (codified at 29 C.F.R. Section 552.109), scheduled to become effective January 1, 2015 that precluded third party home health care agencies from utilizing the companionship exemption, thus, requiring such agencies to pay overtime at a rate of one and one-half times the regular rate of pay.  See Home Care Ass'n of Am. v. Weil, 76 F. Supp. 3d 138, 140-42 (D.D.C. 2014) (detailing the history of the companionship exemption and its amendments), rev'd Home Care Ass'n of Am v. Weil, 799 F.3d 1084 (D.C. Cir. 2015), cert. denied 136 S. Ct. 2506 (2016).

Trade associations challenged the Final Rule in an action commenced in the United States District Court for the District of Columbia.  See Weil, 76 F. Supp. 3d at 142.  In an opinion, dated December 22, 2014, the District Court vacated the Final Rule repealing the companionship exemption, thus precluding its implementation on January 1, 2015.  Id. at 148. The District Court's opinion was appealed to the D.C. Circuit Court of Appeals.  Weil, 799 F.3d 1084.

On August 21, 2015, the D.C. Circuit reversed the District Court's opinion vacating the regulation.  Id. at 1097.  After the D.C. Circuit issued its opinion, the United States Department of Labor issued a Rule on September 14, 2015 stating that it would not enforce the Final Rule until the D.C. Circuit's opinion becomes effective, i.e. upon issuance of a mandate "directing the District Court to enter a new judgment in favor of the [U.S. Department of Labor]."  See 80 FR 55029 (Sept. 14, 2015).  The D.C. Circuit issued its mandate on October 13, 2015.  See 80 FR 65646 (Oct. 27, 2015).  On October 27, 2015, the United States Department of Labor issued a Rule stating that it would not enforce the Final Rule before November 12, 2015.  Id.

Since the Weil opinions, a debate has ensued concerning whether the Final Rule

repealing the companionship exemption took effect on January 1, 2015, as originally planned, or on October 13, 2015 when the D.C. Circuit issued its mandate directing the District Court to enter judgment in favor the U.S. Department of Labor.  Compare e.g., Lee v. Caregivers for Indep., LLC, No. 1:16cv946, 2017 U.S. Dist. LEXIS 95322 (S.D. Ohio June 21, 2017) (effective date of repeal of companionship exemption is October 13, 2015); Sanchez v. Caregivers Staffing Servs., Inc., No. 1:15-cv-01579, 2017 U.S. Dist. LEXIS 11259 (E.D. Va. Jan. 26, 2017) (same); Alves v. Affiliated Home Care of Putnam, Inc., No. 16-CV-1593, 2017 U.S. Dist. LEXIS 17893 (S.D.N.Y. February 8, 2017) (same), with Guerrero v. Moral Home Servs., 247 F. Supp. 3d 1288 (S.D. Fl. 2017) (effective date of repeal of companionship exemption is January 1, 2015); Hypolite v. Health Care Servs. of New York, 256 F. Supp. 3d 485 (S.D.N.Y. 2017) (same).

Plaintiff imprudently maintains that because a majority of the courts to consider this issue held that the effective date of the Final Rule is January 1, 2015, there exists "no federal dispute amongst the United States District Courts."  Pl. Mot. at 9-10.  If the standard by which to judge the existence of a dispute was measured by the popularity of an opinion, then there would never exist any dispute for the Supreme Court of the United States or the Circuit Courts to resolve.

Given that courts across the United States differ in their opinion on the effective date of the Final Rule (see supra), and no Circuit Court has weighed in, there exists a substantial federal question to be considered by the federal courts.  Namely, whether Plaintiff's claim for damages in unpaid overtime should be calculated for the period January 1, 2015 through October 13, 2015 (hereinafter referred to as the "Gap Period") as one and one-half times the regular rate of pay, or one and one-half times the minimum wage.

**B.     Plaintiff's New York Labor Law Claims Raises A Substantial Federal Issue Concerning The Effective Date Of The Amendments To 29 C.F.R. Section 552.109**

In addition to demonstrating the existence of a dispute, the dispute itself must be

"substantial." See Grable, 545 U.S. at 314. A dispute is "substantial" where the federal issue to be decided is "important to the federal system as a whole." See Gunn v. Minton, 568 U.S. 251, 260 (2013); Grable, 545 U.S. at 314 ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."). In holding that the dispute at issue was not "substantial," the Supreme Court in Gunn noted that there must be a broader effect to the federal question sought to be answered, such as potentially binding precedent affecting future claims, in order to be important to the federal system. Gunn, 568 U.S. at 264. For example, in Grable, the Supreme Court held that the interpretation of a federal tax statute was necessarily important to the federal system because an answer on a statute's application could broadly affect the government's ability to collect tax revenue. See Grable, 545 U.S. at 315.

The same is true for Plaintiff's claim for Gap Wages. Plaintiff's ability to prove damages is an essential element of Plaintiff's overtime claim for the Gap Wages alleged. See, e.g., Kuebel v. Black & Decker Inc., 643 F.3d 352, 364 (2d Cir. 2011); see also Grable, 545 U.S. at 315 (holding that the meaning of a federal statute was an essential element of a state claim). Thus, Plaintiff's claim for Gap Wages necessarily requires an analysis of whether Plaintiff's damages for Gap Wages are measured from January 1, 2015 or October 13, 2015 by reference to the Final Rule's effective date. See Grable, 545 U.S. at 314. It is not simply that a federal court may need to interpret federal law as Plaintiff ignorantly claims (Pl. Mot. at 7 (citing Sullivan v. Am. Airlines, Inc., 424 F.3d 267 (2d Cir. 2005)),[1] or what the court in Hicks glibly pronounced without substantive analysis (S.D.N.Y. 18 CV 6603), it is the dispute and impact on the federal system that must be evaluated. Grable, 545 U.S. at 315. Indeed, in Grable, the Supreme Court

---

[1] Plaintiff's citation to Sullivan is puzzling. Sullivan did not cite Grable, which was decided months earlier, and made no mention of what constitutes a removable paper. Accordingly, it is inapposite.

interpreted federal law in examining Plaintiff's state law claims because of the impact on the federal system. Id. at 314-15.

Determining the effective date of the Final Rule is necessarily important to the federal system in order to provide uniformity. Grable, 545 U.S. at 312. An answer will have a broad effect across the home health care industry, and the numerous cases currently pending before the courts (and those that are yet to be filed), wherein plaintiffs raise claims for Gap Wages. The fact that this issue has been, and is being, litigated in the federal courts, and a Circuit Court has yet to issue an opinion on the matter, gives credence to the potentially broad effect an answer could have on the entire federal court system. See, e.g., Lee, 2017 U.S. Dist. LEXIS 95322; Sanchez, 2017 U.S. Dist. LEXIS 11259; Alves, 2017 U.S. Dist. LEXIS 17893; Guerrero, 247 F. Supp. 3d 1288; Hypolite, 256 F. Supp. 3d 485; see also Lopez v. El Mirador, No. CV 16-01257, 2018 U.S. Dist. LEXIS 12747, *14-15 (D.N.M. Jan. 26, 2018) ("The Court is satisfied that there is a real dispute about the Final Rule's effective date.").

Moreover, the U.S. government's explicit acknowledgment in two Rules published in the Federal Register that it would not enforce the Final Rule until thirty days have elapsed from the D.C. Circuit's issuance of a mandate in Weil underscores the existence of a substantial federal dispute. See 80 FR 55029 (Sept. 14, 2015); 80 FR 65646 (Oct. 27, 2015). The government's interest in a resolution to this substantial federal issue, as in Grable, would allow it to measure the extent of its ability to enforce the Final Rule from a date certain, and "vindicate its own administrative action" should an individual file a complaint with the U.S. Department of Labor for alleged Gap Wages. Grable, 545 U.S. at 315.

While Plaintiff argues that effective date of the Final Rule is merely a synonym for Defendant's invocation of the companionship exemption, which we concede is not a basis for

removal, Defendant does not raise its use of the companionship exemption as a basis for removal.  Plaintiff already conceded the companionship exemption's application, leaving only a requirement that Plaintiff prove entitlement to damages.   The court in <u>Hicks</u> failed to comprehend this distinction, and conducted no analysis.  <u>See</u> <u>Hicks</u>, Docket No. 18 CV 6603 (ECF Doc. No. 19).

Indeed, the effective date of the Final Rule is not mutually exclusive with Defendant's assertion of the companionship exemption.  Plaintiff specifically claims that as of January 1, 2015 she is entitled to overtime wages at a rate of $17.25 per hour (time and one-half the regular rate of pay), instead of an overtime rate of $13.13 per hour (time and one-half the basic minimum wage rate) **<u>because</u>** the companionship exemption was repealed.  <u>See</u> Exhibit I, annexed to Defendant's Notice of Removal, at 6-7 (ECF Doc. No. 4).  Plaintiff's characterization of her own claims presumes the applicability of the companionship exemption to her claims, thus making it necessary for this Court to decide the effective date of the Final Rule—a disputed and substantial federal issue—and determine whether Plaintiff could be entitled to damages beginning either on January 1, 2015 or October 13, 2015.  <u>See</u> <u>Grable</u>, 545 U.S. at 315.  The consideration of Plaintiff's damages is therefore essential to consideration of her claim for Gap Wages.

Moreover, entitlement to damages is a necessary element of her overtime claim, and not of any exemption Defendant could raise.  <u>See, e.g.</u>, <u>Kuebel</u>, 643 F.3d at 364; <u>see</u> <u>also</u> <u>Grable</u>, 545 U.S. at 315 (holding that the meaning of a federal statute was an essential element of a state claim).  Her claim for damages is not dependent on any exemption.

Accordingly, Plaintiff's claim for Gap Wages, raised pursuant to the New York Labor Law, constitutes a substantial federal question requiring "resort to the experience, solicitude, and

hope of uniformity that a federal forum offers on federal issues." Grable, 545 U.S. at 312.

**C.    The Court's Assertion Of Subject Matter Jurisdiction Over This Action Would Not Disturb Any Congressionally Approved Balance of Federal And State Judicial Responsibilities.**

The potential resolution of the effective date of the Final Rule by the federal courts would not disturb any congressionally approved balance between the federal and state courts.  As discussed throughout, resolution of the meaning of a federal regulation is exactly the type of disputed and substantial federal issue that a federal court should decide.  Any argument by Plaintiff that the state courts have concurrent jurisdiction to resolve the effective date of the Final Rule is misplaced.

The resolution of the effective date of the Final Rule by the federal courts would promote "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Id. at 311; NASDAQ OMX Group, Inc. v. UBS, Sec., LLC, 770 F.3d 1010, 1019 (2d Cir. 2014) (affirming the assertion of federal jurisdiction over state law claims because they necessarily raised disputed issues of federal law).  Indeed, determining the effective date of a federal regulation promulgated by the U.S. Department of Labor requires a federal court's unique experience to state what the law is.

Therefore, substantial and disputed issues of federal law concerning the effective date of the Final Rule establish that the Court should retain jurisdiction over this action.

**II.    DEFENDANT'S NOTICE OF REMOVAL WAS TIMELY BECAUSE NONE OF THE COMPLAINTS FILED BY PLAINTIFF PROVIDED ANY INDICATION THAT SHE WOULD SEEK TO RELY ON THE FAIR LABOR STANDARDS ACT TO PROVE HER DAMAGES**

Defendant timely removed this action to federal court on July 2, 2018.  Plaintiff's argument that Defendant failed to timely remove this action to federal court lacks merit.  Plaintiff claims that the overtime claim she pleaded in her original Complaint (or any subsequent

complaint for that matter) gave Defendant notice that she sought to recover Gap Wages.  Plaintiff specifically argues that the original Complaint's reference to 12 N.Y.C.R.R. Section 142-2.2, which incorporated certain overtime exemptions from the Fair Labor Standards Act, constituted sufficient notice of her claim for Gap Wages during the Gap Period.

Contrary to Plaintiff's contention, no pleading or paper prior to Plaintiff's Opposition Papers gave Defendant any indication that beginning January 1, 2015, Plaintiff sought to recover overtime wages for the Gap Wages.  Indeed, an initial pleading is not removable if it fails to provide facts sufficient to enable Defendant to "intelligently ascertain" whether an action is removable to federal court, and the law does not require Defendant to look beyond the pleading to ascertain removability.  See Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205-06 (2d Cir. 2001).

Plaintiff's Complaint and Amended Complaint stated only that Section 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate," and that Defendant failed to pay Plaintiff in accordance with that statute.  See Exhibit A, annexed to the Declaration of LaDonna Lusher ("Lusher Decl."), ¶¶ 65, 68, filed in support of Plaintiff's motion to remand; Exhibit B, annexed to the Lusher Decl., ¶¶ 95, 98.  Plaintiff's overtime claim could only be understood as a claim that Defendant violated Section 142-2.2's requirement to pay its employees overtime at a rate of one and one half times the regular rate of pay for a period of six years, not beginning January 1, 2015 as she claimed in her Opposition Papers.  Contrary to the finding by the Hicks court, these nebulous allegations failed to put Defendant on any notice that Plaintiff intended to seek damages for Gap Wages in accordance with the Final Rule.

Indeed, Plaintiff never alleged that the repeal of the companionship exemption required

11

that Plaintiff be paid overtime at a rate of one and one half times the regular rate of pay, instead of one and one half times the minimum wage.   Plaintiff could have, but did not, allege as follows: On January 1, 2015, the federal regulations, which are incorporated into Section 142-2.2, required that home health aides be paid one and one half times their regular rate of pay for hours worked over 40 in a workweek, and the plaintiff was not paid one and one half times her regular wage rate after January 1, 2015.  See Exhibit A, annexed to the Lusher Decl., ¶¶ 65, 68; Exhibit B, annexed to the Lusher Decl. ¶¶ 95, 98.   Such an allegation would have given Defendant sufficient information to ascertain removability at the time.

The ability to remove this action to federal court became clear only upon Plaintiff's filing of her Opposition Papers on June 12, 2018, and Defendant timely filed its Notice of Removal within 30 days on July 2, 2018.  See Stemmle, 198 F. Supp. 3d at 157.

## III. PLAINTIFF'S OPPOSITION PAPERS CONSTITUTE "OTHER PAPER" FROM WHICH FEDERAL QUESTION JURISDICTION IS CONFERRED PURSUANT TO 28 U.S.C. SECTION 1446(B)(3)

Plaintiff erroneously contends that removal of an action to this Court pursuant to federal question jurisdiction can be accomplished only by reference to the claims asserted in Plaintiff's Complaint.  See Pl. Mot. at 6.  Plaintiff's pronouncement is legally incorrect because it failed to analyze the specific statutory authority for Defendant's removal of this action.

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable."  29 U.S.C. § 1446(b)(3) (emphasis supplied).  None of the cases cited by Plaintiff in support of its erroneous proposition analyzed Section 1446(b)(3).  See Pl. Mot. at 6-7.

"[C]ourts have held that a reply memorandum or an affidavit can constitute 'other papers'

that trigger the 30-day removal clock . . . ."  Stemmle v. Interlake S.S. Co., 198 F. Supp. 3d 149,

157 (E.D.N.Y. 2016); see also Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996)

(holding that a memorandum filed in support of a motion can constitute part of a "motion" or

"other paper" to support removal of action to federal court).   Indeed, "various discovery

documents such as deposition transcripts, answers to interrogatories and requests for admissions,

as well as amendments to ad damnum clauses of complaints, and correspondence between the

parties and their attorneys or between the attorneys usually are accepted as 'other papers,' receipt

of which can initiate a 30-day period" to remove a state court action to federal court.  See 14C

Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 3731 (4th ed.)

(collecting cases).

Accordingly, reference to a complaint is not the exclusive method of determining the

removability of an action to federal court.  The Opposition Papers filed by Plaintiff on June 12,

2018 constitute "other paper" that triggered the thirty (30) day period to remove the action to

federal court, which timely was filed on July 2, 2018.

## IV.   EVEN IF DEFENDANT IS UNSUCCESSFUL IN DEFEATING PLAINTIFF'S MOTION TO REMAND, PLAINTIFF IS NOT ENTITLED TO SANCTIONS

As demonstrated above, to the extent the Court grants Plaintiff's motion to remand, there

is no basis for Plaintiff to seek fees and/or costs.  As described above, Defendant removed this

action to federal court on legal grounds established by the Supreme Court of the United States.

Plaintiff's request for fees and costs is particularly ironic given her failure to analyze

properly the statutory authority allowing Defendant to remove this action, and claiming that

because a "majority" of courts holds a legal theory in high regard, the existence of a minority of

courts holding otherwise does not establish a dispute.   Courts do not interpret the law by

reference to popular opinion, but do so after considering opposing positions taken by adverse

parties and issuing a determination on the merits of each party's viewpoint.

The removal of this action represents an objectively reasonable basis for removal, and Plaintiff's assertions to the contrary reflect a failure to adequately research and consider the applicable law.  Accordingly, Plaintiff would not be entitled to fees and/or costs should the Court grant Plaintiff's motion to remand.  <u>See, e.g.</u>, <u>In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.</u>, Master File No. 1:00-1898, MDL 1358, 2006 U.S. Dist. LEXIS 20575, * (S.D.N.Y. April 17, 2006) (denying feels because "[r]emovability is an evolving and difficult field of law," and defendants "did not lack an objectively reasonable basis for removal.").

## CONCLUSION

For the reasons stated herein, Defendant has demonstrated that this Court maintains federal subject matter jurisdiction.  Accordingly, Defendant respectfully requests that this Court deny Plaintiff's motion to remand to the Supreme Court of the State of New York, County of New York, and that this action proceed in the United States District Court for the Southern District of New York as an action properly removed to it, and grant Defendant all other relief it deems just and proper.

Date:   August 24, 2018
        Melville, New York

/s/ *Daniel Gomez-Sanchez*
Lisa M. Griffith
Daniel Gomez-Sanchez
LITTLER MENDELSON, P.C.
290 Broadhollow Road
Suite 305
Melville, NY  11747
631.247.4700

Attorneys for Defendant Human Care, LLC

Firmwide:156567243.4 092124.1003

14