USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
NINA TOKHTAMAN, individually and on behalf :
of all others similarly situated, :
:
                                  Plaintiff, :      18-CV-5907 (VEC)
:
            -against- :       MEMORANDUM
:      OPINION & ORDER
HUMAN CARE, LLC, :
:
                              Defendant. :
-------------------------------------------------------------- X
VALERIE CAPRONI, United States District Judge:

      Plaintiff Nina Tokhtaman sued Defendant Human Care LLC in state court for unpaid wages, pursuant to the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.* *See* Notice of Removal, Dkt. 1, ¶¶ 1, 10. Defendant has removed the case to this Court, pursuant to 28 U.S.C. § 1446. *See id.* ¶ 27. Plaintiff moves to remand the case back to state court and for attorneys' fees and costs, pursuant to 28 U.S.C. § 1447(c). *See* Notice of Mot., Dkt. 13. For the following reasons, Plaintiffs' motion to remand is GRANTED. Plaintiff's motion for attorneys' fees is DENIED. This case is REMANDED to the Supreme Court of the State of New York for New York County.

## BACKGROUND

      Plaintiff is employed by Defendant as a home-health care attendant. *See* Compl., Dkt. 1, Ex. A, ¶¶ 26–27. She provides personal care services in the homes of elderly and disabled individuals, including assistance with activities of daily living. *See id.* ¶ 28. On February 16, 2016, Plaintiff filed this case as a putative class action in state court, bringing four claims pursuant to the NYLL and one claim for breach of contract pursuant to New York common law.

*See id.* ¶¶ 56–92. The Complaint did not state any federal causes of action.[1] *See id.* The primary issue to be litigated is whether, as a home-health care attendant, Plaintiff is entitled to be compensated for all 24 hours of a 24-hour shift, regardless of whether she had meal breaks or sleep breaks.[2] *See* Def.'s Mem. of Law in Supp. of Mot. to Stay, Dkt. 1, Ex. G, at 5–6; Pls.' Mem. of Law in Resp. to Def.'s Mot to Stay, Dkt. 1, Ex. I, at 2–4.

On May 22, 2018, Defendant moved to stay the state action pending the resolution of two cases by the New York Court of Appeals. *See* Notice of Removal ¶ 11; Def.'s Mem. of Law in Supp. of Mot. to Stay.[3] On June 12, 2018, Plaintiff responded, arguing that a stay was not warranted because, whatever the two Court of Appeals cases may decide relative to her claim for compensation for all hours worked, they will have no bearing on her claim for unpaid overtime. *See* Pls.' Mem. of Law in Resp. to Def.'s Mot. to Stay at 6–7. Specifically, Plaintiff argued that in calculating overtime wages, Defendant improperly relied on the so-called "companionship exemption" contained in the Fair Labor Standards Act ("FLSA"), and incorporated into New York Labor Law and its accompanying regulations, to reduce her rate of overtime pay for the period after the exemption had been repealed. *See id.*; 12 N.Y.C.R.R. § 142-2.2.

The companionship exemption allows employers to pay overtime wages at a rate of 1.5 times the state minimum wage, rather than 1.5 times the employee's regularly hourly rate.

---

[1] An Amended Complaint and Second Amended Complaint were also filed in March and June 2018, respectively. *See* Notice of Removal ¶¶ 6–7, 10. While the Second Amended Complaint has not been filed with this Court, the Court understands (based on Defendant's undisputed representations) that it raised substantially the same claims and allegations as the Complaint. *See id.*

[2] A letter issued by the New York Department of Labor interprets the NYLL as requiring certain home-health attendants to be compensated only for 13 hours of a 24-hour shift, so long as the employee is given 8 hours of sleep time and 3 hours of meal breaks. *See* Def.'s Mem. of Law in Supp. of Mot. to Stay at 5–6.

[3] The Court of Appeals cases will determine whether the New York Department of Labor's letter regarding compensation for home-health care attendants' 24-hour shifts is a proper interpretation of state law as applied to non-resident caregivers like Plaintiff. *See* Def.'s Mem. of Law in Supp. of Mot. to Stay at 6.

*See* Pls.' Mem. of Law in Resp. to Def.'s Mot to Stay at 7; 12 N.Y.C.R.R. § 142-2.2. In January 2015, the U.S. Department of Labor repealed the FLSA companionship exemption, but the effective date of the repeal remains a matter of controversy. *See* Def.'s Mem. of Law in Opp. to Mot. to Remand, Dkt. 17, at 5–6. Most courts have found that the effective date of the repeal is January 1, 2015, but others have found that the effective date is October 13, 2015. *See Carrasco v. Life Care Servs., Inc.*, No. 17-CV-5617, 2017 WL 6403521, at *4 (S.D.N.Y. Dec. 15, 2017) (collecting cases). Plaintiff alleges that she worked substantial amounts of overtime between January and October 2015 and that Defendant improperly paid her overtime at a rate of 1.5 times the state minimum wage during this period. *See* Pls.' Mem. of Law in Resp. to Def.'s Mot to Stay at 7. Thus, the effective date of the repeal of the companionship exemption may have a significant impact on Plaintiff's damages.

On June 29, 2018, Defendant removed the case to this Court, arguing that the effective date of the repeal of the FLSA companionship exemption is a federal question over which this Court has subject-matter jurisdiction. *See* Notice of Removal ¶¶ 18–20, 26. Plaintiffs moved to remand on July 27, 2018. *See* Notice of Mot.

## DISCUSSION

This case was not properly removed to this Court. In *Hicks v. Isabella Visiting Care, Inc.*, No. 18-CV-6603, Dkt. 19 (Aug. 23, 2018), a case raising substantially similar facts, Judge Furman granted a motion to remand. This Court finds Judge Furman's reasoning persuasive and adopts it here.

The FLSA's exemptions (as incorporated into the NYLL and its accompanying regulations) provide affirmative defenses to claims of unpaid wages or unpaid overtime.

3

*See Schwind v. EW & Assocs., Inc.*, 357 F. Supp. 2d 691, 697 (S.D.N.Y. 2005).[4] It is black-letter law that "[a] case may not be removed to federal court on the basis of a federal defense." 16 *Moore's Federal Practice: Civil* § 107.71 (2018); *see also New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012) (collecting cases). Rather, a cause of action "arises under" federal law only when "a right or immunity created by the Constitution or laws of the United States" is an "essential element" of the action. *Shinnecock*, 686 F.3d at 138.

Defendant argues that Plaintiff's claim necessarily requires a determination of the effective date of the repeal of the FLSA's companionship exemption in order to determine the extent of Plaintiff's damages for unpaid overtime. *See* Def.'s Mem. of Law in Opp. to Mot. to Remand at 7–9. In Defendant's view, the federal exemption is, therefore, an "essential element" of Plaintiff's claim. *See id.* at 7. This argument fails, as it misconstrues the definition of "essential element." Regardless of whether a court will "necessarily" need to determine an issue, if the issue must be affirmatively raised by the defendant, then it is an affirmative defense, not an essential element of the plaintiff's claim. *See* Fed. R. Civ. P. 8(c); *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 394–95 (S.D.N.Y. 2014) ("The mere presence of a federal issue in a state cause of action . . . [is] not enough to confer federal jurisdiction. Nor does the presence of a federal defense suffice—even if the parties concede that the defense is the only disputed issue in the case and, in that sense, necessary to the resolution of the state law claim." (internal quotation marks and citations omitted) (collecting cases)).

Defendant also argues that this case was removable because it raises a "substantial" federal question. *See* Def.'s Mem. of Law in Opp. to Mot. to Remand at 6–7. A state cause of

---

[4] Lest there is any doubt about that point, Defendant's Answer to Plaintiffs' Amended Complaint expressly raised the FLSA's exemption provisions as an affirmative defense. Answer to Am. Compl., Dkt. 1, Ex. E, Aff. Def. ¶ 13.

action that "necessarily depends on resolution of a substantial question of federal law" may, in some circumstances, be removable to federal court. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014). Defendant's argument fails, however, because the "substantial question" test "does not alter the rule that a potential federal defense is not enough to create federal jurisdiction." *Chicago Tribune Co. v. Bd. of Trustees of Univ. of Illinois*, 680 F.3d 1001, 1003 (7th Cir. 2012); *see also California Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011); *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d at 395; *Greenwich Fin. Servs. Distressed Mortg. v. Countrywide Fin. Corp.*, 654 F. Supp. 2d 192, 202–03 (S.D.N.Y. 2009). Because the only federal issue in this case is the effective date of the repeal of an exemption that may serve as an affirmative defense, *see* Notice of Removal ¶ 26, the case is not removable to federal court.

Additionally, a case may be removed on the basis of a substantial federal question only if removal would not disrupt "the federal-state balance approved by Congress." *Liana Carrier Ltd. v. Pure Biofuels Corp.*, 672 F. App'x 85, 91–92 (2d Cir. 2016); *see also Gunn*, 568 U.S. at 258; *Grable*, 545 U.S. at 314. Although a narrow federal question will need to be resolved in this case (*i.e.*, the effective date of the companionship exemption's repeal), the vast majority of issues raised in this case are ordinary, state-law wage-and-hour issues that the state courts capably handle every day. In addition to her claim for unpaid overtime, Plaintiff has sued for common-law breach of contract, unpaid "spread-of-hours" wages under the NYLL, and unpaid minimum wages under the NYLL—none of which are affected by the repeal of the companionship exemption. *See* Compl. ¶¶ 56–63, 71–92; Notice of Removal ¶ 26; Pls.' Mem. of Law in Resp.

to Def.'s Mot. to Stay at 10. This Court will not assert jurisdiction based on the presence of a single question of federal law in a case that otherwise turns entirely on matters of state law.[5]

Finally, Defendant's removal was untimely. A case must be removed within 30 days of an "initial pleading" if the initial pleading "enables the defendant to intelligently ascertain removability from the face of such pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (internal quotation marks omitted); *see also* 28 U.S.C. § 1446(b)(1). "A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support [the] removal petition." *Whitaker*, 261 F.3d at 206 (internal quotation marks omitted). Here, the effective date of the repeal of the exemption was a clearly ascertainable issue in this case from the time the Complaint was filed on February 16, 2016. The pertinent question is the period during which Plaintiff is entitled to overtime at a rate of 1.5 times her regularly hourly rate, rather than 1.5 times the state minimum wage. *See* Def.'s Mem. of Law in Opp. to Mot. to Remand at 4–5. The Complaint expressly alleged that Defendant unlawfully failed to pay Plaintiff 1.5 times her hourly rate for all hours worked in excess of 40 hours per week. Compl. ¶¶ 65, 68.[6] Accordingly, the basis for Defendant's removal was clearly

---

[5] When faced with similar circumstances, the Second Circuit reached the same conclusion:

> Respect for the state-federal balance . . . inclines against attachment of federal question jurisdiction on the facts of this case. It is uncontested that Plaintiffs-Appellants' state law cause of action is structured as a run-of-the-mill state law contract claim, governed by state law standards and analyzed using the familiar elements applied in a New York breach of contract action. The fact that the state court's analysis of breach will necessarily turn on the requirements of federal securities law does not change the underlying nature of Plaintiffs-Appellants' claims, which are determined as a matter of course by the state courts every day . . . . Thus . . . federal question jurisdiction does not lie.

*Liana Carrier*, 672 F. App'x at 92.

[6] Some parts of the Complaint allege that Defendant unlawfully failed to pay Plaintiff "one and one half times the basic minimum hourly rate" for overtime hours, Compl. ¶ 45, whereas other parts of the Complaint allege that Plaintiffs were owed 1.5 times their regular rate of pay for overtime hours, *id.* ¶ 68. While that inconsistency may simply be the result of sloppy drafting, because the exemption (under either view of the effective date) was repealed during the putative class period, *see* Compl. ¶ 20, if Plaintiff prevails, some damages will likely be calculated under the old regulation and others under the new. In any event, because both allegations implicate the FLSA exemption provisions, they do not alter the Court's analysis.

ascertainable from Plaintiff's initial pleading; because Defendant's notice of removal was filed more than 30 days following that pleading, even if the removal had been otherwise proper, it was untimely. *See* 28 U.S.C. § 1446(b)(1); *Whitaker*, 261 F.3d at 206–07.

For all the foregoing reasons, this case was not properly removed to this Court, and Plaintiff's motion for remand is granted. Plaintiff's motion for attorneys' fees and costs, however, is denied. As Plaintiff concedes, "courts may award attorney's fees under [28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While Defendant's removal ultimately lacks merit, the Court does not find that it was so objectively unreasonable that an award of fees would be appropriate (although the Court notes that this is a close call).

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion to remand is GRANTED. Plaintiffs' motion for attorneys' fees and costs is DENIED.

The Clerk is respectfully directed to REMAND this case to the Supreme Court of the State of New York for New York County. The Clerk shall also terminate all open motions and close the case.

**SO ORDERED.**

Date: **October 29, 2018**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**